UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL COOK,

        CIVIL ACTION NO. 06-12168

    Plaintiff,

        DISTRICT JUDGE MARIANNE O. BATTANI

v.

        MAGISTRATE JUDGE DONALD A. SCHEER

CIGNA GROUP INSURANCE, et al.,

    Defendants.
_____/

## MEMORANDUM DECISION

    This matter is before the magistrate judge on Defendant's Motion for Summary Judgment. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b)(1)(B). The parties appeared, by counsel, for hearing on February 14, 2007. Having reviewed Defendant's Motion, together with Plaintiff's Response, and having had the benefit of oral argument and supplement briefing, I find that the Defendant's Motion for Summary Judgment should be granted.

    Plaintiff's Complaint alleges a breach of the provisions of a life insurance policy. On September 1, 1996, Defendant Life Insurance Company of North America ("LINA") issued group life insurance policy #FLX-050317 to the Detroit Public Schools. Thelma Moorman, a Detroit Public School teacher, purchased the insurance through her employer in a primary amount of $20,000.00 and a supplemental amount of $32,000.00. (Defendant's Exhibit 3). The original policy provided, in pertinent part, as follows:

> **To Whom Payable**
>
> Death Benefits will be paid to the beneficiary designated by you. This designation must be in writing and filed with us. In the case of Employees in Active Service after September 23, 1996, only beneficiaries designated in writing after that date will be effective. If you have not designated a beneficiary after that date, Death Benefits will be paid to the first surviving class of the following living relatives: spouse; child or children; mother or father; brothers or sisters; or the executors or administrators of the Insured estate. We may reduce the amount payable by any indebtedness due.

(Defendant's Exhibit 1, page 8). On September 19, 1996, Ms. Moorman submitted a form naming Plaintiff, who was her friend, as the beneficiary as to both the primary and supplemental death benefit amounts under the policy. (Defendant's Exhibit 4). There is no evidence that Moorman executed any subsequent written beneficiary designation. The company issued a policy amendment, effective on October 1, 2003. Although the "To Whom Payable" section was replaced, nothing in the new language would benefit this Plaintiff.[1]  (Defendant's Exhibit 2).

Ms. Moorman died on June 19, 2004. (Defendant's Exhibit 6). As Ms. Moorman did not designate a beneficiary in writing after September 23, 1996, LINA paid the policy death benefits to her brother, as the closest surviving relative. (Defendant's Exhibits 7-9). Plaintiff filed a claim for the death benefits under the policy. After verifying that Ms.

---

[1] Death Benefits will be paid to the beneficiary designated by the Employee. This designation must be in writing and filed with the Insurance Company. In the case of Employees in Active Service after September 23, 1996, only beneficiaries designated in writing after that date will be effective. If the Employee has not designated a beneficiary after that date, Death Benefits will be paid to the first surviving class of the following living relatives: spouse; child or children; mother or father; brothers or sisters; or to the executors or administrators of the Insured's estate. The Insurance Company may reduce the amount payable by any indebtedness due.

Moorman had not designated a beneficiary in writing after September 23, 1996, Defendant denied the claim. (Defendant's Exhibit 5). Plaintiff unsuccessfully pursued administrative appeals (Defendant's Exhibits 10 and 11), and then filed the Complaint in this action.

### Standard of Review

Summary Judgment is appropriate where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Terry Bar Sales Agency, Inc. v. All-Lock Company, Inc., 96 F.3d 174, 178 (6th Cir. 1996); Fed.R.Civ.P. 56(c). While a court must draw all justifiable inferences in favor of the non-moving party, where the evidence is so one sided that one party must prevail as a matter of law, summary judgment is proper. Parrett v. American Ship Building Company, 990 F.2d 854, 858 (6th Cir. 1993). There must exist some disagreement regarding an item of material fact to warrant denial of a Motion for Summary Judgment. Id. Moreover, summary judgment is proper when the documents in question are unambiguous and reveal that no question exists as to intent. Id. Summary Judgment is not appropriate, however, where a contract may support more than one reasonable interpretation. Lansing Board of Water and Light v. United States Fidelity and Guarantee Company, 1995 WL 855425 (Mich.App.) (unpublished).

### Burden of Proof

Plaintiff must establish the following elements to recover on a breach of contract claim: a) the existence of a contract; b) a breach of its terms; c) the breach was the cause of injury; and d) the fact and extent of damages. See, e.g., In Re: Brown, 342 F.3d 620, 628 (6th Cir. 2003); Rasch v. City of East Jordan, 141 Mich.App. 336, 339 (1985); Smith v. City of Detroit, 201 W.L. 986523 (Mich.App.). The failure to establish one of the essential elements is fatal to the claim.

3

## **Analysis**

No material fact relating to the business relationship between the parties to the insurance policy, or their conduct in relation to it, remains in dispute.  Rather, the disposition of this action depends upon the meaning of the words in the agreement.

In interpreting a contract, a court's obligation is to determine the intent of the parties. Quality Products and Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 375 (2003). The court must examine the language in the contract and give the words their plain and ordinary meaning.  Wilkie v. Auto Owners Ins. Co., 469 Mich. 41, 47 (2003).  "[A]n unambiguous contractual provision is reflective of the party's intent as a matter of law," and "[i]f the language of the contract is unambiguous, [the court] construe[s] and enforce[s] the contract as written."  Quality Products, 469 Mich. at 375.  "A contract is ambiguous if its provisions may reasonably be understood in different ways." Universal Underwriters Ins. Co. v. Kneeland, 464 Mich. 491 (2001).  A court may construe an ambiguous contract in order to determine the party's intent.  Old Kent Bank v. Sobczak, 243 Mich.App. 57, 63 (2000).  A dispute between parties as to the meaning of a contract does not, however, in itself establish an ambiguity.  Gortney v. Norfolk and W.R. Co., 216 Mich.App. 535, 540 (1996).  If a contract, even though inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous.  Michigan Township Participating Plan v. Pavolich, 232 Mich.App. 378, 382 (1998) (emphasis added).  Finally, a court cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity.  Rather, the contract must be construed so as to give effect to every word or phrase as far as practicable.  Hunter v. Pearl Assurance Co. Ltd., 292 Mich. 543, 545 (1940).

Plaintiff maintains that she was validly designated by the insured as beneficiary of the policy benefits by reason of the written instrument signed by Ms. Moorman on September 19, 1996. She argues that she satisfies the language of the "To Whom Payable" provisions of the policy because, once designated before the September 23, 1996 date stated in the provision, she remained "designated in writing after that date." Plaintiff contends that "[t]he policy does not require that the writing be dated or executed after September 23, 1996," but "merely requires that a beneficiary designation exist in written form after that date in order to be effective." (Plaintiff's Brief, page 4). In short, Plaintiff maintains "designated" was employed as a gerund in the phrase "only beneficiaries designated in writing after that date will be effective."

Defendant, of course, disagrees. The company maintains that "[b]ecause Ms. Moorman was an employee in active service after September 23, 1996, Ms. Moorman was required to designate her beneficiary in writing and file it with LINA after September 23, 1996." Defendant contends that the word "designated" in that passage was employed as a verb.

Applying the earlier stated rules of construction, I conclude that the contract is unambiguous, and that its plain meaning supports Defendant's argument. Although I find that the language employed in the contract at issue is inartful, I am satisfied that it "fairly admits of but one interpretation" and thus is not ambiguous. Pavolich, supra, 232 Mich.App. at 382. Unambiguous contract language must be enforced as written, and courts may not write a different contract for the parties or consider extrinsic evidence to determine the parties intent. UAW-GM Human Resource Ctr. v. KSL Recreation Corp., 228 Mich.App. 486, 491 (1998); Sheldon-Seatz, Inc. v. Coles, 319 Mich. 401, 406-07 (1947).

5

The interpretation of the contract language adopted by Plaintiff is reasonable, if at all, only if read in isolation. The very next sentence in the contract, however, provides that "[i]f the employee has not designated a beneficiary after that date," death benefits will be paid to the decedents surviving relatives. In that sentence, the word "designated" is unquestionably a verb. Thus, the rule of construction that a court must read contract language in terms of the contract as a whole favors Defendant's interpretation. Furthermore, acceptance of Plaintiff's argument would essentially deprive the phrase "[i]n the case of employees in active service after September 23, 1996 . . ." of any meaning. At oral argument, Plaintiff's counsel was unable to explain what effect that provision was designed to achieve if not to impose a specific requirement upon employees meeting its stated criterion. Under Plaintiff's interpretation of the contract language, beneficiary designations executed before September 23, 1996 would have precisely the same effect as those executed after that date. To indulge Plaintiff's view, then, the court would be required to assume that the language relating to employees in active service after September 23, 1996 was meaningless. "A court cannot simply ignore portions of a contract in order to avoid a finding of ambiguity, or in order to declare an ambiguity. Instead, the contract must be construed so as to give effect to every word or phrase as far as practicable." Hunter v. Pearl Assurance Co., Ltd., 292 Mich. 543, 545 (1940). The obvious intent underlying the language under discussion here is that the requirements for designating a beneficiary by "employees in active service after September 23, 1996" were to be different from the requirements imposed on employees who would not be in active service after the specified date. I am satisfied that the contract in issue here "fairly admits of but one interpretation." Farm Bureau v. Stark, 437 Mich. at 182, and is thus unambiguous. Where a contract is unambiguous, a court must enforce it as written.

6

Whittiger v. Citizens Insurance Co., 190 Mich.App. 436, 439 (1991).  Where a contract may support only one reasonable interpretation, and no issue of material fact remains, summary judgment is appropriate.  Because it is undisputed that: (a) Ms. Moorman remained in active service as a teacher after September 23, 1996; (b) Plaintiff was designated as beneficiary of the policy death benefits prior to September 23, 1996; and (c) there is no evidence that Plaintiff was designated in writing as beneficiary after that date, I conclude that the policy benefits were properly paid to the decedent's closest surviving relative, and that Defendant is entitled to summary judgment.

In view of the foregoing finding, I will not address Defendant's argument that Plaintiff's failure to provide timely responses to Defendant's Request for Admission warrants the entry of summary judgment for Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is granted and the Complaint is dismissed, with prejudice.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: March 16, 2007

_____

**CERTIFICATE OF SERVICE**

I hereby certify on March 16, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 16, 2007.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217